HARWELL et al. v. CAROLYN OIL CO.

No. 30594. Sept. 15, 1942.

*129 P. 2d 81.*

Arden E. Ross, of Tulsa, for plaintiffs in error.

Wilkinson & Smith, of Sapulpa, for defendant in error.

OSBORN, J. This action was instituted in the district court of Creek county by C. C. Harwell and M. L. Cooley, hereinafter referred to as plaintiffs, against the Carolyn Oil Company, hereinafter referred to as defendant, wherein plaintiffs sought cancellation of a contract for the drilling of an oil and gas well, or in the alternative, the establishment of a lien upon the production of the well in the amount of certain funds advanced by them and expended in the drilling of the well to production. The trial court fixed liens upon said production in favor of both plaintiffs and defendant, and plaintiffs have appealed.

Plaintiffs were the owners of a departmental oil and gas lease upon 80 acres of land in Creek county. Two wells had been drilled to production upon the south 20 acres of the 80-acre tract. On October 4, 1939, plaintiffs entered into a written contract with defendant for the drilling of a well on the north 60 acres of the tract. The consideration defendant was to receive was an undivided 6/8ths interest in the lease insofar as it covered the 60 acres. Plaintiffs reserved an overriding 1/8th royalty interest in the lease. Defendant was to pay all expenses and furnish the necessary labor and material for drilling the well to the Peru sand, which was usually encountered at a depth of approximately 2,100 feet. Pursuant to the contractual agreement, defendant moved its equipment upon the lease and drilled the well to the approximate depth of 1,500 feet. Defendant then became financially unable to continue the drilling, and in order to complete the well and prevent the filing of liens against the property by laborers and materialmen, plaintiffs paid for labor and material to the total amount of $7,213.77, but were repaid the sum of $2,616.57, leaving a balance of $4,597.20. It is the plaintiffs' theory that on account of defendant's breach of the contract by failure to pay the expense of drilling the well to production, they were entitled to cancellation of the original contract or in the alternative were entitled to a first lien against the interest of defendant in the leasehold estate to the amount of the unpaid balance of funds advanced by them for the drilling expense.

From the evidence adduced at the trial it appears that the well was completed satisfactorily and at the time of the trial was producing five or six barrels of oil per day. It was further shown that no formal assignment of any portion of the lease had been made to defendant, but that plaintiffs were ready and willing to make an assignment in accordance with the contract when they were fully reimbursed for the funds expended by them in drilling the well. At the conclusion of the trial the court orally expressed the view that there had been an abandonment of the original contract and that the parties had entered into a new agreement in the nature of a joint adventure. In its formal findings of fact in the journal entry of judgment, the court found as follows:

"That the Carolyn Oil Company drilled said well to the approximate depth of 1,500 feet and was shut down and confessed its temporary financial inability to continue with the drilling of said well, and that thereafter the plaintiffs, C. C. Harwell and M. L. Cooley, and the defendant, Carolyn Oil Company, drill said well, each contributing a part of the expense, and completed the same by the joint efforts and expense of said parties who entered into said contract; that up to February 1, 1941, the plaintiffs expended the sum of $7,213.77 for drilling, completion, care and supervision of said well, and have been repaid by the sale of casing and oil up to February 1, 1941, the sum of $2,616.57, leaving a balance due of $4,597.20 to February 1, 1941; that the defendant, Carolyn Oil Company, expended cash, furnishing services, the use of tools, supplies and equipment of the fair cash value all amounting to $4,083.82.

"The court further finds that plaintiffs are entitled to a lien on the oil and gas lease covering the premises above described in the amount of $4,597.20; that the defendant, Carolyn Oil Company, is entitled to a lien on the same in the amount of $4,083.82, both liens to be of equal standing and both subject to one-eighth (1/8) overriding royalty interest of the plaintiffs, M. L. Cooley and C. C. Harwell.

"That the defendant, E. P. Harwell, and the plaintiffs herein, M. L. Cooley and C. C. Harwell, hold said lease in trust for the use and benefit of the defendant, Carolyn Oil Company, a corporation, and should assign the same to said Carolyn Oil Company upon payment of the sums found due; that the proceeds from the sale of oil from the seven-eights (7/8) working interest in said lease for all oil produced on or after February 1, 1941, should be applied as follows:

"(1) One-Seventh (1/7) to C. C.

242

Harwell and M. L. Cooley.

"(2) Expenses of operating and maintaining said lease.

"(3) Forty-five eighty-fifths (45/85) to C. C. Harwell and M. L. Cooley and forty eighty-fifths (40/85) of the remaining after deducting items 1 and 2 herein to the payment of the lien of said parties as fixed herein."

There is a lack of consistency in the findings and conclusion of the trial court. The fixing of equal liens in favor of plaintiffs and defendant can be justified only on the theory that there had been an abandonment or rescission of the contract, for the contract provided that defendant should pay all expenses of drilling, but the court thereafter gave full effect to the contract in awarding to defendant the full consideration provided therein subject to the respective liens.

We find no evidence in the record in support of the conclusion that the contract had been abandoned. On the contrary, it is made clear that the funds expended by the plaintiffs were to be treated as advancements to defendant and the plaintiffs expected to be reimbursed by defendant for all funds advanced, and that plaintiffs were ready and willing to make an assignment of the 3/4ths interest in the lease when fully reimbursed.

It is agreed that this is a case of equitable cognizance. It is not seriously contended that the trial court erred in fixing a lien against the 3/4th interest in the lease in favor of plaintiffs for the unpaid balance of the funds advanced by them for drilling expenses, and we find no error in that part of the judgment fixing the lien in favor of plaintiffs. It is obvious, however, that the trial court erred in fixing a lien in favor of defendant.

We hold that the rights of the parties are determinable by the terms of the written contract, and that plaintiffs are entitled to satisfaction of their lien out of that portion of the leasehold estate to be awarded to defendant under the terms of the contract.

Accordingly, the judgment of the trial court is reversed and the cause remanded, with directions to enter judgment in accordance with the views herein expressed.

WELCH, C. J., and BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., and RILEY, J., absent.